UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL ANGEL PADILLA, | ) | NO. CV 11-4579-MMM (MAN) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE RE POSSIBLE |
| | ) | DISMISSAL OF: "MIXED" PETITION; |
| v. | ) | AND NONCOGNIZABLE CLAIMS |
| | ) | |
| M. McDONALD, | ) | |
| | ) | |
| Respondent. | ) | |

On May 27, 2011, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"). On its face, the Petition showed that it was "mixed," because Grounds Two through Five were not raised in Petitioner's direct appeal and he had not yet sought habeas relief in the California Supreme Court.

On June 3, 2011, the Court issued an Order advising Petitioner of his options in view of the "mixed" nature of the Petition ("June 3 Order"). The June 3 Order directed Petitioner to elect one of the options specified in the Order by no later than July 8, 2011.

On July 1, 2011, the Court granted Petitioner's request for an extension of time to respond to the June 3 Order. On July 20, 2011, Petitioner filed his Response to the July 3 Order. In his Response, Petitioner asked the Court to dismiss Grounds Two through Five of the Petition without prejudice and to invoke the *Kelly* stay procedure.[1]

On July 25, 2011, the Court issued an Order that granted Petitioner's request ("July 25 Order"). In the July 25 Order, the Court concluded that a *Rhines* stay[2] would not be appropriate in this action, because there was no good cause for Petitioner's failure to exhaust Grounds Two through Five before seeking federal habeas relief. The Court: granted Petitioner's request to voluntarily dismiss Grounds Two through Five of the Petition without prejudice; ordered the Petition amended to delete these four dismissed claims; stayed this action, pursuant to the *Kelly* stay procedure, for the purpose of allowing Petitioner to exhaust Grounds Two through Five through the filing of a habeas petition in the California Supreme Court; established deadlines by which Petitioner was required to file status reports; and directed that, should the California Supreme Court deny habeas relief, Petitioner must file a motion to lift the stay of this action and request leave to amend the Petition to re-plead Grounds Two through Five. Thereafter, Petitioner filed a copy of his state high court habeas petition and timely status reports.

---

[1] *See, e.g.,* King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (describing *Kelly* stay procedure available to habeas litigants in the Ninth Circuit).

[2] *See* Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005).

On February 13, 2012, Petitioner notified the Court that the California Supreme Court denied habeas relief on January 18, 2012 (Case No. S195015), and he moved to: lift the stay of this action imposed on July 25, 2011; and for leave to amend to re-plead Grounds Two through Five in the existing Petition. On February 15, 2012, the Court granted the motion, lifted the stay of this action, and ordered the Petition served on counsel for Respondent.

On June 28, 2012, Respondent filed a motion to dismiss the Petition based on the grounds that: (1) the Petition remains "mixed," because Ground Five is unexhausted; and (2) Grounds Two and Four are not cognizable ("Motion"). With the Motion, Respondent lodged the relevant portions of the state record ("Lodg.").

The Court has reviewed the Petition, the Motion, and the state record. It appears to the Court that both grounds raised in the Motion have merit and that dismissal of this action in whole or in part is warranted, based on the following reasons.

I.   <u>Ground Two And Four Are Not Cognizable</u>

Ground Two of the Petition asserts that a search and seizure that led to Petitioner's arrest was "illegal," because the police officer lacked probable cause. (Petition at 5.) Ground Four of the Petition asserts that the search warrant lacked probable cause, because it was based on the affiant's opinion. (Petition at 6.) Liberally construed, both claims assert that Petitioner's Fourth Amendment rights were violated by the search that preceded his conviction.

3

1      "[W]here the State has provided an opportunity for full and fair
2 litigation of a Fourth Amendment claim, a state prisoner may not be
3 granted federal habeas corpus relief on the ground that evidence
4 obtained in an unconstitutional search or seizure was introduced at
5 his trial." Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052
6 (1975).  Under Stone, "[a] Fourth Amendment claim is not cognizable
7 in federal habeas proceedings if a petitioner has had a full and fair
8 opportunity to litigate the claim in state court." Ortiz-Sandoval v.
9 Gomez, 81 F.3d 891, 899 (9th Cir. 1996); *see also* Moormann v. Schriro,
10 426 F.3d 1044, 1053 (9th Cir. 2005); Villafuerte v. Stewart, 111 F.3d
11 616, 627 (9th Cir. 1997).

13      A petitioner may receive federal habeas consideration of a Fourth
14 Amendment claim only if he demonstrates that the state courts did not
15 provide him with a full and fair hearing with respect to the claim.
16 *See* Woolery v. Arave, 8 F.3d 1325, 1327-28 (9th Cir. 1993).  In
17 determining whether a habeas petitioner has had a full and fair
18 opportunity to litigate his Fourth Amendment claim in state court,
19 "[t]he relevant inquiry is whether petitioner had the *opportunity* to
20 litigate his claim, not whether he did in fact do so or even whether
21 the claim was correctly decided." Ortiz-Sandoval, 81 F.3d at 899
22 (emphasis added); *see also* Gordon v. Duran, 895 F.2d 610, 613 (9th
23 Cir. 1990)(as long as the petitioner "had an opportunity in state
24 court for 'full and fair litigation' of his fourth amendment claim,"
25 habeas relief is foreclosed on his claim that an unconstitutional
26 search and seizure occurred). California provides criminal defendants
27 with a full and fair opportunity to litigate their Fourth Amendment
28 claims through the California Penal Code § 1538.5 remedy, which

4

establishes a specific mechanism by which defendants may seek the suppression of evidence on the ground that it was obtained through unconstitutional means. *See id.; see also* Locks v. Summer, 703 F.2d 403, 408 (9th Cir. 1983).

The state record shows that Petitioner moved to unseal and quash the search warrant that is the subject of Grounds Two and Four, and his motion was denied. (Lodg. No. 1 at 105-11, 162.)[3] Petitioner, thus, availed himself of the mechanism provided to him by California law. Petitioner's utilization of the Section 1538.5 remedy provided him with a full and fair opportunity to litigate his Fourth Amendment claims; the fact that he did not prevail when he exercised that remedy is irrelevant. *See* Ortiz-Sandoval, 81 F.3d at 899 (a finding that a petitioner had a "full and fair opportunity" to litigate his claims does not depend on whether his claims were correctly decided by the state courts).

Thus, pursuant to the Stone doctrine, Grounds Two and Four of the Petition are not cognizable and are barred from federal habeas review.

II. <u>Ground Five Is Unexhausted</u>.

Ground Five of the Petition asserts that Petitioner was "wrongfully convicted" of a gang enhancement found true by the jury, because the prosecutor's arguments in support of the enhancement were

---

[3] Petitioner moved to quash the warrant pursuant to People v. Hobbs, 7 Cal. 4th 948 (1994). (Lodg. No. 1 at 109.) Hobbs stemmed from an unsuccessful motion to quash a search warrant pursuant to California Penal Code § 1538.5. *See id.* at 955.

5

based on "stale and baseless information" that was prejudicial. (Petition at 6.) Liberally construed, Ground Five appears to assert a due process claim, *i.e.*, that the prosecutor advanced a false and/or improper argument to secure a true finding on the gang enhancement. No such claim, however, has been presented to the California Supreme Court.

In his petition for review, Petitioner asserted *only* the claim now alleged as Ground One in the Petition. (Lodg. No. 2.) Ground One of the Petition does allege prosecutorial misconduct during closing argument; however, the claim rests only on the prosecutor's argument related to the substantive offense of which Petitioner was convicted. Specifically, Petitioner argued that the prosecutor improperly proffered her personal opinion that Petitioner was a drug dealer based on his use of the word "keys." (*See* Lodg. No. 2, *passim*.) The petition for review did not raise the claim now alleged in Ground Five.

In his habeas petition filed with the California Supreme Court, Petitioner raised three grounds for relief. Ground One of the state habeas petition raised the claim now asserted as Ground Three of the instant Petition. Ground Two of the state habeas petition raised a claim not alleged in the instant Petition. Ground Three of the state habeas petition raised a Fourth Amendment claim that appears to encompass the same claims intended to be asserted through Grounds Two and Four of the instant Petition. The state habeas petition did not

6

allege the claim now alleged as Ground Five in the instant Petition.[4] (*See* Lodg. No. 10. *passim*.) Thus, Ground Five remains unexhausted, and the Petition remains "mixed."

The Court has already stayed this action once so that Petitioner could exhaust Ground Five. His failure to do so is inexcusable. Accordingly, there is no legitimate basis for staying this action a second time.

III. <u>Dismissal Of The Petition, In Whole Or In Part, Appears To Be Required</u>.

With respect to the Court's conclusion in Section I that Grounds Two and Four of the Petition are not cognizable, Petitioner is ORDERED TO SHOW CAUSE why these two claims should not be dismissed. **By no later than August 24, 2012**, Petitioner shall file a Response to this Order To Show Cause in which he advises clearly whether he: (1)

---

[4] Respondent observes that Ground Five alleges that the prosecutor relied on "stale and baseless information" in support of the gang enhancement, and in the Fourth Amendment claim alleged in the state petition, Petitioner complained that the search warrant also was predicated on "stale information." (*See* Lodg. No. 10 at 4cc, 4jj-4kk.) A claim that the search warrant was invalid because it rested on stale information is entirely different -- both factually and legally -- from a claim that the prosecutor committed misconduct at trial by arguing stale information. The exhaustion of the former claim did not exhaust the latter claim. *See* <u>Rose v. Palmateer</u>, 395 F.3d 1108, 1112 (9th Cir. 2005)(holding that a Fifth Amendment claim was related to a Sixth Amendment ineffective assistance of appellate counsel claim only insofar as the Sixth Amendment claim was premised on counsel's failure to raise the substance of the Fifth Amendment claim on state appeal, because "they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts"; thus, even though the Sixth Amendment claim was exhausted, a claim based on the underlying Fifth Amendment violation was not).

concedes that Grounds Two and Four are not cognizable and agrees that the two claims should be dismissed; or (2) contends that Grounds Two and Four are cognizable. If Petitioner contends that Grounds Two and Four are cognizable, then he must explain, in his Response, why these two claims may be considered on their merits.

With respect to the Court's conclusion in Section II that Ground Five of the Petition is unexhausted, **by no later than August 24, 2012**, Petitioner shall file a Response to this Order To Show Cause in which he advises clearly whether he: (1) concedes that Ground Five is unexhausted; or (2) contends that Ground Five was exhausted through his California Supreme Court habeas petition. If Petitioner contends that Ground Five is exhausted, then he must explain, in his Response, how the claim was fairly presented in his California Supreme Court habeas petition. If Petitioner concedes that Ground Five is unexhausted, in his Response, he must clearly select one of the following two options: (1) Petitioner may voluntarily dismiss Ground Five; or (2) Petitioner may voluntarily dismiss the Petition as a whole, and thus, this action will be dismissed without prejudice.

**Petitioner is cautioned that a failure to timely respond to this Order To Show Cause will be deemed to constitute a concession that: Grounds Two and Four are not cognizable; and Ground Five is unexhausted. Moreover, if Petitioner fails to timely respond to this Order To Show Cause, the Petition will remain "mixed," and thus, the dismissal of this action, without prejudice, will be required.**

8

1     Once the Court receives Petitioner's Response, the Court will
2 take further appropriate action, including with respect to
3 Respondent's pending Motion.
4
5     IT IS SO ORDERED.
6
7 DATED: July 20, 2012.

*Margaret A. Nagle*
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE